Filed: 8/12/22  P. v. Young CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KYLAN YOUNG,<br><br>    Defendant and Appellant. | B315682<br><br>(Los Angeles County<br>Super. Ct. No. TA153124) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John J. Lonergan, Jr., Judge.  Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————

Kylan Young appeals from the judgment entered following his plea of no contest to two counts of first degree robbery. No arguable issues have been identified following review of the record by Young's appointed appellate counsel or our own independent review. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Young and a codefendant were charged in a felony complaint filed November 18, 2020 with two counts of first degree automated teller machine robbery (Pen. Code, §§ 211, 212.5, subd. (b)) and two counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)). Each of the four robberies occurred on October 8, 2020, and each involved a different victim at a separate location.

In July 2021, prior to his preliminary hearing, Young moved for mental health diversion pursuant to Penal Code section 1001.36. The motion was supported by a report from a psychologist who stated Young had been diagnosed with complex posttraumatic stress disorder and cannabis and alcohol use disorders and opined there was a nexus between the diagnoses and the crimes with which Young had been charged. At a hearing on August 2, 2021 the trial court stated it needed additional information to properly consider the request and tentatively denied the motion.

On September 13, 2021, the date set for the preliminary hearing, Young pleaded no contest to two counts of first degree robbery pursuant to a negotiated agreement. As recommended by the People as part of the agreement, and after hearing testimony from two of the victims of the robberies, the court suspended imposition of sentence and ordered Young to serve

five years of formal probation conditioned on serving 364 days in county jail, for which Young received credit for time served.

Young filed a timely notice of appeal, checking the box next to the statement on the printed form that his appeal was based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. No certificate of probable cause was issued.

## DISCUSSION

We appointed counsel to represent Young in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Young on June 27, 2022 that he could personally submit any contentions or issues he wanted the court to consider. We have received no response.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or assert grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b).) We have examined the record and are satisfied appellate counsel for Young has complied with counsel's responsibilities and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.          FEUER, J.

3